IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| David Wayne Mixon,<br>        Petitioner, | )<br>)<br>) |
| v. | )        1:16cv1372 (GBL/MSN)<br>) |
| Harold W. Clarke,<br>        Respondent. | )<br>) |

MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss a petition for a

writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by David Wayne Mixon, a Virginia

inmate proceeding pro se. Mixon challenges the constitutionality of convictions entered in the

Circuit Court of the City of Williamsburg and James City County.

**I. Background**

On March 13, 2013,  petitioner entered a negotiated plea of guilty pursuant to North

Carolina v. Alford, 400 U.S. 25 (1970) to a charge of sodomy with his minor stepdaughter.  In

exchange for the guilty plea, the Commonwealth moved to *nolle prosequi* nineteen additional

charges of sexual abuse of the victim.

On April 29, 2013, petitioner moved for leave to withdraw the plea.  He testified that he

initially had rejected the plea offer but decided to accept it after his counsel showed him letters

that had been revealed to them by the prosecution that petitioner had written to the minor victim

and her mother in 2012. Pet. Ex. 4, T. at 25.  Counsel discussed the impact of these letters with

petitioner and opined that their content had compromised petitioner's defense and substantially

increased the risk of going to trial.  Id., T.  at 25.  After petitioner was presented with this

information he personally decided to accept the plea offer and to enter a plea of guilty.  Id., T. at

25 - 26. The trial court denied the motion to withdraw the plea after finding that petitioner had failed to meet his burden to establish that the motion was made in good faith or to offer any "reasonable defense" in support of the motion that was not dilatory. Id., T. at 49 - 52, 58.

On May 24, 2013, a final judgment of conviction was entered, and petitioner was sentenced in accordance with the terms of the plea agreement to twenty years' imprisonment with six years suspended. Petitioner sought to appeal his conviction to the Court of Appeals of Virginia, and a judge of that court refused the appeal on November 12, 2013. Mixon v. Commonwealth, R. No. 1088-13-1 (Va. Ct. App. Nov. 12, 2013). A three-judge panel declined further review on March 4, 2014. Mixon then petitioned the Supreme Court of Virginia for review, and his petition was refused on July 29, 2014. Mixon v. Commonwealth, R. No. 140501 (Va. July 29, 2014). A subsequent petition for rehearing was denied on September 19, 2014.

Meanwhile, on September 14, 2014, petitioner, through counsel, filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

A.   Pursuant to Lafler v. Cooper, 132 S.Ct. 1376 (2012), counsel's advice regarding the wisdom of pleading guilty amounted to ineffective assistance, such that the plea was not 'constitutionally voluntary and intelligent.'

B.   Counsels' pretrial investigation and interview of witnesses was insufficient to allow them to advise petitioner in a constitutionally adequate manner, rendering their assistance ineffective at both the plea hearing and during the subsequent proceedings on the motion to withdraw the plea.

Petitioner, through counsel, sought to file an amended habeas corpus petition on April 18, 2016. Respondent objected on the ground that petitioner's proposed additional claims relied on facts that were know to him at the time he filed his initial habeas application, and the Supreme Court of Virginia denied the motion to amend in an Order dated May 9, 2016. Resp. Ex. 2-3.

2

On July 13, 2016, the Court denied the claims petitioner raised in his initial habeas petition for reasons which will be discussed *infra*. Mixon v. Clarke, R. No. 151394 (Va. July 13, 2016); Resp. Ex. 4.  His motion for rehearing was refused on October 6, 2016.

On October 20, 2016,  Mixon turned to the federal forum and timely filed the instant application for relief pursuant to §2254, in which he raises the following claims:

A.   His plea was not made voluntarily and intelligently because counsel failed to "obtain information to competently advise [petitioner] on the strength of the case against him or the strength of his defense."

B.   Counsel failed to prepare for or to advocate properly on his behalf at the plea hearing and the proceedings on the motion to withdraw the plea.

C.   Counsel's failure to inquire into viable defenses amounted to ineffective assistance, and petitioner was prejudiced by counsel's failure to prepare, to advise him properly, and to advocate on his behalf at the plea hearing and the proceedings on the motion to withdraw the plea.

Respondent filed a Motion to Dismiss the petition along with a supporting brief on December 8, 2016,  and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K.   (Dkt. No. 8 - 10)  Petitioner filed a reply on January 4, 2017 (Dkt. No. 13) and an amended reply on January 23, 2017. (Dkt. No. 16) Accordingly, this matter is now ripe for disposition.

## II.  Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982).  To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526

3

U.S. 838, 845 (1999).  Thus, a petitioner convicted in Virginia first must have presented the same

factual and legal claims raised in his federal habeas corpus application to the Supreme Court of

Virginia on direct appeal or in a state habeas corpus petition.  See, e.g., Duncan v. Henry, 513

U.S. 364 (1995).

"A claim that has not been presented to the highest state court nevertheless may be treated

as exhausted if it is clear that the claim would be procedurally barred under state law if the

petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th

Cir. 2000).  "The procedural bar that gives rise to exhaustion provides an independent and

adequate state-law ground for the conviction and sentence, and thus prevents federal habeas

review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be

simultaneously exhausted and procedurally barred from federal review.  Bassette v. Thompson,

915 F.2d 932 (4th Cir. 1990).

Here, to the extent that petitioner attempts to rely on facts and arguments that he raised

for the first time in his unsuccessful Motion to Amend his state habeas application, his claims are

both unexhausted and procedurally defaulted.  Because petitioner's Motion to Amend was

denied, the Supreme Court of Virginia never considered those aspects of his claims, and they

consequently are unexhausted.  Resp. Ex. 2-3.  Further, were petitioner now to attempt to return

to the state forum with those arguments, they would be defaulted pursuant to both Va. Code

§ 8.01-654(A)(2), which prescribes a limitations period for Virginia applications for habeas

corpus relief, and § 8.01-654(B)(2), which precludes consideration of a habeas claim known to,

but not raised by, a petitioner at the time he filed his initial application. Both of these state

procedural rules have been held repeatedly to constitute "independent and adequate" bases for the

4

procedural default of habeas claims.  See, e.g., Sparrow v. Dir., Dep't of Corrections, 439

F.Supp. 2d 584, 587 (E. D. Va. 2006) (finding the limitations period of Va. Code §8.01-

654(A)(2) to be adequate and independent); Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir.

1997) (determining procedural bar of successive habeas applications in Va. Code  §8.01-

654(B)(2) to be a well-recognized adequate and independent ground).  Accordingly, to the extent

that petitioner seeks to rely here on the arguments and evidence he attempted to introduce into

the state habeas proceeding in his Motion to Amend the initial petition, those aspects of his

claims are simultaneously exhausted and procedurally barred.  See Coleman v. Thompson, 501

U.S. 722, 729-30 (1991).

### III. Standard of Review

       When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court's

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts."  Id, at 413.  Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case."  Id.  This standard "recognizes a foundational principle of our federal

system: State courts are adequate forums for the vindication of federal rights." Burt v. Titlow, __

U.S. __, 134 S. Ct. 10, 15 (2013). As a result, "[t]he focus of federal court review is now on the

state court decision that previously addressed the claims rather than the petitioner's free-standing

claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal

dismissed, 139 F.3d 891 (4th Cir. 1998) (table). The Supreme Court has recognized that the §

2254(d) standard of review "erects a formidable barrier to federal habeas relief for prisoners

whose claims have been adjudicated in state court" because it requires "a state prisoner [to] show

that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error ... beyond any possibility for fairminded disagreement." Burt,

134 S. Ct. at 16, citing  Harrington v. Richter, 562 U.S. ——, ——, 131 S.Ct. 770, 786-787, 178 L.

Ed.2d 624 (2011). "If this standard is difficult to meet - and it is - that is because it was meant to

be." Id., 131 S.Ct. at 786.

## IV.  Analysis

In both of petitioner's federally-cognizable claims,[1]  he argues that he received ineffective

assistance in connection with his entry a guilty plea to one of the twenty charges he faced.  To

establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's

performance was deficient" and (2) "the deficient performance prejudiced the defendant."

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove that counsel's performance was

deficient, a petitioner must show that "counsel's representation fell below an objective standard

of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all

---

[1]Although plaintiff sets out three claims in his Memorandum in Support of his federal habeas application (Dkt. No. 1, Ex. 21), Claim C is duplicative of Claim A as it relates to counsel's assistance in connection with the entry of the guilty plea, and of Claim B as it concerns counsel's assistance at the proceeding on petitioner's motion to withdraw the plea; it contains no allegations that are not subsumed in Claims A and B.

the circumstances, "outside the range of professionally competent assistance." Id. at 690.  Such a

determination "must be highly deferential," with a "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v.

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in

scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

analysis");   Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that

challenged acts are likely the result of sound trial strategy.").

        To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th

Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created

the possibility of prejudice, but rather "that they worked to his actual and substantial

disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v.

Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the

Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at

233.

        The two-part Strickland test also "applies to challenges to guilty pleas based on

ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).  In the context of a

guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of

the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S.

759, 771 (1970), that is, whether the advice of counsel "was within the range of competence

7

demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

Claims A and C:

In federal claim A, Mixon contends that his plea was not made voluntarily and intelligently because counsel failed to "obtain information to competently advise [petitioner] on the strength of the case against him or the strength of his defense." In a portion of Claim C, which is closely related, he argues that counsel's failure to inquire into viable defenses amounted to ineffective assistance, and that he was prejudiced by counsel's failure to prepare, to advise him properly, and to advocate on his behalf at the plea hearing. In support of these arguments, petitioner points to a number of omissions he believes counsel committed prior to advising him on the wisdom of accepting the plea offer. Specifically, he contends that counsel: failed to

8

interview or to depose subpoenaed witnesses, did not investigate the scene of the crime, failed to object to use of the victim's testimony at the preliminary hearing based on materials from her journal which petitioner deemed to be of impeachment value, did not investigate petitioner's e-mails with the victim's mother which showed a "caring and healthy" family relationship, failed to examine all of the prosecution's evidence, and failed to investigate text messages he received from the victim's mother. Dkt. 1, Ex.21 at 18-19. These arguments were made for the first time in the Virginia courts only in petitioner's motion to amend his habeas corpus application to the Supreme Court of Virginia, rather than in the petition itself. Thus, as discussed above, these arguments are deemed simultaneously exhausted and defaulted. Moreover, because the Virginia Supreme Court denied the motion to amend and adjudicated only the claims petitioner raised in the initial habeas petition, Mixon v. Clarke, R. No. 151394, petitioner's present arguments are not federally cognizable pursuant to Cullen v. Pinholster, 563 U.S. 170, 181 (2011), where the Supreme Court held that a federal court's review of a state conviction is limited "to the record that was before the state court that adjudicated the claim on the merits."

In a portion of Claim A, petitioner argues that counsel provided ineffective assistance in connection with the guilty plea after misconstruing the importance of letters petitioner had written to the victim's mother and grandmother. On habeas corpus review, the Supreme Court of Virginia rejected this claim on the following holding:

> In an unnumbered claim, petitioner contends he was denied the effective assistance of counsel because counsel advised petitioner to plead guilty after the Commonwealth disclosed several letters petitioner had written to the victim's mother and grandmother. Petitioner alleges counsel advised petitioner these letters were "so incriminating that there was no way their prepared defense could possibly survive" and he should enter an Alford plea. Petitioner claims counsel did not permit him to read the letters and did not read

9

the letters to him. Petitioner realized the letters were not inculpatory immediately after he read them. Petitioner had the letters reviewed by another attorney who agreed they were not inculpatory. Petitioner argues that due to counsel's misadvice his plea was not knowing, intelligent and voluntary.

The Court holds this unnumbered claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the transcripts and petitioner's exhibits, demonstrates petitioner was indicted for twenty counts of sexually abusing his step-daughter, beginning when she was eight. Petitioner's defense was premised, in large part, on his theory that he had informed his wife, the victim's mother, he wanted to separate and she had become so angry that she and her daughter made up the allegations against petitioner and used them to blackmail him into paying thousands of dollars for their mortgage and other expenses. After the Commonwealth turned over numerous letters the petitioner had written the victim's mother and grandmother while he was in jail awaiting trial, counsel advised petitioner the letters "compromised [his] position" and a trial "wouldn't be a good thing." In those letters, which petitioner has included as an exhibit to his petition, petitioner alternatively asks his wife's forgiveness and assures her he "never did anything wrong" although she "just can't see it," claims the victim has been "poisoned" by her boyfriend and worries what will happen when her "infatuation" ends and she realizes she has put her stepfather in jail for her boyfriend, accuses his wife of breaking his heart, inquires if she has a boyfriend, pleads for her help with his financial situation and offers her various financial benefits, including the proceeds from the sale of petitioner's car and furniture, pleads with her to remember his good qualities and how happy and loving they were until "someone came into our life," exhorts her to continue visiting and writing him, attempts to elicit her sympathy by describing the "terrible" conditions of the jail and his failing health, begs her to convince the victim to "do the right thing by being willing to get me out," and asks her to intercede with the prosecutor on his behalf. Counsel reasonably determined these letters did, in fact, significantly compromise petitioner's planned defense and properly advised petitioner of that fact. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

10

Mixon v. Clarke, R. No. 151394, slip op. at 1-2.

The foregoing determination by the Supreme Court of Virginia was not contrary to, or an unreasonable application of, any established Supreme Court decision, nor was it based on an unreasonable determination of the facts. Cf. Williams, 529 U.S. at 412-13. Nor could petitioner demonstrate that but for what he now characterizes as counsel's shortcomings he would have rejected the plea to a single count of sodomy of a minor in favor of proceeding to trial, where he would have faced an additional nineteen felony charges. Cf. Hill, 474 U.S. at 59. Accordingly, the foregoing portion of Claim A warrants no federal relief.

In other parts of petitioner's argument to the Supreme Court of Virginia regarding the guilty plea, he asserted as he does here that his attorney rendered ineffective assistance by failing to interview the victim's mother and grandmother about the letters petitioner sent; failing to visit the crime scene; failing to investigate alleged threats made by the victim's mother;  failing competently to evaluate viable defenses and misled petitioner about the preparation of the defense; failing to authenticate text messages sent to petitioner's cell phone; failing to investigate, interview or depose any of the Commonwealth's witnesses to uncover impeachment evidence; and recommending that petitioner plead guilty to an offense which would require him to participate in sex offender therapy where he would have to admit the incident for which he was convicted.  The Virginia Supreme Court rejected each of these contentions "because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Mixon v. Clarke, R. No. 151394, slip op. at 2-3, 6.

At the plea colloquy in this case on March 13, 2013, the following exchanges occurred:

THE COURT: Do you fully understand that charge against you?

11

MIXON: Yes, I do.

THE COURT: Have you discussed the charge and its elements with your lawyers, and do you understand what the Commonwealth would have to prove before you could be found guilty of this charge?

MIXON: Yes.

THE COURT: All right. Have you had time to discuss with your lawyers any possible defense you might have to the charges?

MIXON: I have.

THE COURT: And have you discussed with your lawyers whether you should plead guilty or not guilty?

MIXON: I have.

THE COURT: And after that discussion, did you decide for yourself to plead guilty?

MIXON: Yes.

THE COURT: Are you entering this plea of guilty freely and voluntarily?

MIXON: Yes.

\* \* \*

THE COURT: All right. Have your attorneys promised you anything?

MIXON: No, sir.

THE COURT: All right. You understand the maximum punishment for this crime is twenty years in the penitentiary?

MIXON: Yes, sir.

THE COURT: Are you entirely satisfied with the services of your lawyers, and do you understand that they were retained to represent you in this matter?

MIXON: Yes, sir.

THE COURT: Now, did either one of them fail to do anything you requested them to do in preparation of this case?

MIXON: No.

Pet. Ex. 3,  T. 7 - 8, 16- 17.

Against this backdrop, it is apparent that the Supreme Court of Virginia's rejection of petitioner's arguments that  various alleged acts and omissions of his counsel that occurred prior to the plea colloquy amounted to ineffective assistance of counsel was both factually reasonable and in accord with applicable federal authorities.  Blackledge, 431 U.S. at 73-74;  Beck, 261 F.3d at 396. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

In a portion of his claim concerning the efficacy of counsel's representation with respect to the guilty plea, petitioner argues that counsel failed to object to the prosecution's proffer of the evidence, including its use of an out-of-court statement by the victim, and failed to present evidence to rebut the prosecution's version of events.  The Supreme Court of Virginia found no merit to these contentions, as follows:

> In another unnumbered claim, petitioner contends he was denied the effective assistance of counsel because counsel failed to object to the Commonwealth's summary of its evidence, failed to object when the Commonwealth mentioned an out of court statement by the victim, and failed to proffer evidence that would have cast doubt on the Commonwealth's proffer.

> The Court holds this unnumbered claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland.  Petitioner fails to articulate any grounds upon which counsel reasonably could have objected to the Commonwealth's proffer.  In addition, the record, including the trial transcript, demonstrates the Commonwealth's proffer included that the victim had, after many years of sexual abuse, finally told her boyfriend and he encouraged her to tell her mother, which the victim

13

> did. Counsel reasonably could have determined this portion of the proffer was relevant as to why and how the victim finally reported the abuse and was not otherwise objectionable. Further, counsel reasonably could have determined a proffer of evidence that would cast doubt on the Commonwealth's proffer would not be relevant to the necessary determination at the hearing of whether petitioner's plea was voluntarily [sic], with an understanding of the nature of the charge and the consequences of the plea. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mixon v. Clarke, R. No. 151394, slip op. at 5-6.

It cannot be said that the foregoing determination was "so lacking in justification that there was an error ... beyond any possibility for fairminded disagreement." Burt, 134 S. Ct. at 16. To the contrary, the Virginia court's holding was based upon a reasonable determination of the facts and in accord with applicable federal authority. Strickland, supra. Accordingly, the same result must obtain here. Williams, 529 U.S. at 412-13.

Claims B and C:

In Claim B and a portion of Claim C, petitioner alleges that he received ineffective assistance of counsel in connection with efforts to withdraw the guilty plea. Specifically, he argues that his attorney failed to proffer evidence to "cast doubt on the Commonwealth's alleged evidence." Dkt. No. 1, Ex. 21 at 27. The Supreme Court of Virginia rejected this contention, as follows:

> In another unnumbered claim, petitioner contends he was denied the effective assistance of counsel because counsel failed to adequately advocate for petitioner during the hearing on petitioner's motion to withdraw his pleas. Petitioner contends counsel failed to proffer anything to meet the requirements for withdrawal of a plea, rested without conducting any redirect examination of petitioner, and failed to proffer anything to support petitioner's claim of innocence. Petitioner refers to a letter counsel wrote, prior to trial, to an official

14

at the Veterans' Administration in support of counsel's request that Dr. Donald Richardson, one of petitioner's treating physicians at the Veterans' Administration Medical Center in Hampton, testify on petitioner's behalf.   In the letter, counsel appears to repeat information provided to him by petitioner that, during the period when the abuse of the victim allegedly occurred, petitioner was recuperating from knee surgery and had become addicted to prescription medication, and that after the incidents petitioner was diagnosed with low testosterone, for which he was receiving medication.

The Court holds this unnumbered claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland.  To succeed in a motion to withdraw a guilty plea, made before sentence has been imposed, a defendant must show the plea was entered by mistake, through misunderstanding, fear, fraud, or official misrepresentation, was involuntary, or was entered 'inadvisedly,' and must demonstrate a "reasonable ground" "for going to the jury." Justus v. Commonwealth, 274 Va. 143, 153-54, 645 S.E.2d 284, 288 (2007).  The proffered defense must not be "merely dilatory or formal." Id.

The record, including the trial transcript, the motion to withdraw the plea, and the transcript of the hearing on petitioner's motion to withdraw his plea, demonstrates that, prior to sentencing, petitioner moved to withdraw his plea on the ground that the Commonwealth had unfairly given him less than forty-eight hours to consider the plea agreement, that counsel advised petitioner to plead guilty after the Commonwealth disclosed several letters petitotner had written to the victim's mother and grandmother, which counsel advised petitioner "compromised [petitioner's] chances at trial," and that he subsequently reviewed the letters and realized there was nothing inculpatory in them.  Petitioner claimed he had a "great case" and he only pled guilty because he was in shock and "beat down."  Petitioner conceded he was aware of the evidence allegedly supporting his defense prior to the entry of his plea and that he had been contemplating a guilty plea for an extended period of time before he actually pled guilty, although he had wanted to plead guilty to a misdemeanor.  Petitioner also conceded he had authored the letters in question.  Counsel argued, based on petitioner's testimony, that he entered his plea based on the poor advice of counsel and that petitioner was not merely experiencing regret over his decision to plead guilty.  Counsel further argued petitioner should be permitted to withdraw his plea because the trial court failed to comply with the

15

procedures in Code § 9.1-902(H), which required the court to advise petitioner of his right to withdraw the pleas after the court made a determination of the age of the victim.

Petitioner fails to explain what further testimony, evidence, or argument counsel could have offered to show petitioner's plea was entered by mistake, through misunderstanding, fear, fraud, or official misrepresentation, was involuntary, or was entered "inadvisedly." Further, petitioner has failed to proffer any evidence of his alleged surgeries, his drug addiction, or his low testosterone level or to show that such evidence would have provided him with a defense to the crime for which he pled guilty. Moreover, counsel reasonably could have determined petitioner's mere medical difficulties, without more, would have amounted to no more than a "dilatory or formal" defense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Mixon v. Clarke, R. No. 151394, slip op. at 3-5.

Petitioner has failed to show that the foregoing determination was contrary to, or an unreasonable application of, any clearly established United States Supreme Court decision, nor has he shown that the Virginia court's decision rested on an unreasonable determination of facts. Absent such a showing, this Court must allow the Virginia decision to stand. Williams, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this ____20th____ day of ____July_____ 2017.

Alexandria, Virginia

_____/s/_____
Gerald Bruce Lee
United States District Judge

16